UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
MORGAN GREENBURGER,

                         Plaintiff,                      **COMPLAINT**

   -against-

New York State Corrections Officer PHILIP R.      **Demand for Trial by Jury**
ROUNDTREE, in his individual capacity,

                        Defendant.
------------------------------------------------------------------------------X

Plaintiff MORGAN GREENBURGER, by his attorneys, Beldock Levine & Hoffman LLP, as and for his complaint against the defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. This civil rights action seeks redress under 42 U.S.C. § 1983 for injuries Plaintiff suffered from the unconstitutional and unlawful conduct of Defendant.

2. Plaintiff, who was on suicide watch at Sing Sing Correctional Facility after a failed suicide attempt, was brutally beaten by Defendant Corrections Officer ROUNDTREE after a simple request for a urine bottle. Plaintiff was beaten so brutally that he required hospitalization and multiple staples in his head.

3. Defendant Officer ROUNDTREE then repeatedly lied, concocting a false narrative that Mr. Greenburger had assaulted him, resulting in his use of force. Defendant Officer ROUNDTREE has been terminated as a result of his actions against Mr. Greenburger.

4. Plaintiff seeks redress for substantial injuries he suffered as a result of the assault at Sing Sing Correctional Facility, and the pain and suffering Plaintiff continues to experience. Plaintiff seeks (i) compensatory damages for psychological and emotional distress, and other financial loss caused by the illegal actions of the defendant; (ii) punitive damages to deter such

intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

5.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

6.      Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a), over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

7.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

8.      Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

9.      Plaintiff MORGAN GREENBURGER is a citizen of the United States and a resident of New York State and New York County. At all times relevant to this complaint, Plaintiff was incarcerated at Sing Sing Correctional Facility in Westchester County and the State of New York.

10.     Upon information and belief, at all times relevant herein, Defendant PHILIP R. ROUNDTREE was an officer at Sing Sing Correctional Facility, acting within the course and scope of his employment and under color of law. He is sued in his individual capacity.

## STATEMENT OF FACTS

11. On May 11, 2016, Plaintiff Morgan Greenburger was on suicide watch after a failed suicide attempt. Mr. Greenburger was transferred to suicide watch at Sing Sing Correctional Facility.

12. Suicide watch, also known as "special watch," requires an officer to be on duty to monitor an inmate at all times. While on special watch, Mr. Greenburger asked Defendant Corrections Officer ROUNDTREE to use the urine bottle, a requirement for individuals on suicide watch.

13. When Mr. Greenburger asked Corrections Officer ROUNDTREE for the urine bottle, he was told to give the officer "a few minutes."

14. After again asking for the urine bottle, Defendant Corrections Officer ROUNDTREE again told him to wait.

15. Mr. Greenburger complied, waiting nearly 15 minutes before asking again for the urine bottle, informing the officer that it was becoming an emergency.

16. Defendant Officer ROUNDTREE screamed in response, threatening to beat Mr. Greenburger if he asked again.

17. Mr. Greenburger responded that he did not want any conflict and that he just needed to use the urine bottle.

18. Defendant Officer ROUNDTREE, asked Mr. Greenburger, in sum and substance, "are you sure you want it?"

19. Defendant Officer ROUNDTREE then opened the door to Mr. Greenburger's cell and placed the urine bottle on the corner of the floor of his cell, near the door. He instructed Mr. Greenburger to grab it.

20. As Mr. Greenburger reached for the bottle, Defendant Officer ROUNDTREE hit Mr. Greenburger on the head with his baton.

21. Defendant Officer ROUNDTREE then repeatedly beat Mr. Greenberger on his head, back, shoulder, and left arm.

22. After beating Mr. Greenburger repeatedly, a number of officers entered the cell and pulled Defendant Officer ROUNDTREE off of Mr. Greenburger.

23. Mr. Greenburger was taken to the medical unit where he was observed and photographed.

24. He was transported to Montefiore Mount Vernon Hospital, where he received five staples in his head.

25. He was diagnosed with a strain of the left shoulder, contusion of the scalp, and laceration of the scalp.

26. Mr. Greenburger was, thereafter, issued a misbehavior ticket based on Defendant Officer ROUNDTREE's false account of the incident. The misbehavior ticket charged him with assaulting staff, refusing a direct order, physical interference with an employee, and violent conduct.

27. In his account of what happened, Defendant Officer ROUNDTREE lied about Mr. Greenburger's actions, claiming that Mr. Greenburger has initially attacked him by striking him in his head and neck with a closed fist. Defendant Roundtree then claimed that he struck Mr. Greenburger "approximately two times to the upper body" while Mr. Greenburger faced him in a fighting stance.

28. However, the account was impossible because Mr. Greenburger's injuries were on the back of his head, as well as his back and shoulder.

29. Mr. Greenburger was sentenced to, and served, 90 days in the Special Housing Unit, a disciplinary unit where inmates are required to spend 23 hours each day in solitary confinement.

30. On October 3, 2016, Mr. Greenburger's misbehavior tickets related to the incident were reversed because "the circumstances surrounding the incident raise[] questions[s] as to the inmate's culpability."

31. Defendants' conduct caused Plaintiff to suffer physical, emotional, and psychological pain, and deprivation of his constitutional rights.

32. Defendant Officer ROUNDTREE was terminated from his position as a result of his conduct.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Eighth and Fourteenth Amendment Rights)

33. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

34. The acts of Defendant ROUNDTREE constituted conduct under color of state law which deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

35. The Defendant, acting under the pretense and color of law, was deliberately indifferent to the physical and emotional pain and suffering Plaintiff experienced.

36. The Defendant was also deliberately indifferent to Plaintiff's serious mental health needs where he was housed in a specialized unit under suicide watch.

37. The Defendant's unconstitutional conduct includes, but is not limited to, Cruel and Unusual Punishment in violation of the Eighth Amendment of the United States Constitution.

38. By reason of the foregoing, Defendant deprived Plaintiff of rights, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth Amendment of the United States Constitution.

39. The Defendant committed the foregoing acts intentionally, willfully, wantonly, maliciously, and/or with such reckless disregard of consequences as to reveal a conscious indifference to the clear risk of serious injury to Plaintiff that shocks the conscience. They are therefore also liable for punitive damages.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff demands the following relief against the Defendant:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages to the extent allowable by law;

(c) attorneys' fees;

(d) the costs and disbursements of this action;

(e) interest;

(f) such other and further relief as the Court deems just and proper.

Dated: New York, NY
       May 3, 2017

                                            BELDOCK LEVINE & HOFFMAN LLP
                                            99 Park Avenue, PH/ 26th Fl.
                                            New York, New York 10016
                                            (212) 490-0400

                                            _____
                                            Jonathan C. Moore
                                            Luna Droubi

                                            *Attorneys for Plaintiff Morgan Greenburger*